# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:18-cr-187 |
| v. | : | Judge Thomas M. Rose |
| JUWAN CHINO DILLARD, | : | |
| Defendant. | : | |

## ENTRY AND ORDER DENYING DEFENDANT'S MOTION (DOC. 75)

This case is before the Court on the "Motion of Defendant Dillard for Permission to Withdraw His Prior Approval of the Statement of Facts Submitted at the Time of His Plea and Substitute in Its Stead the Identical Language Contained in the Statement of Facts of Co-Defendant Brian Grooms, as It Pertains to the Inception and Duration of the Conspiracy" (Doc. 75) (the "Motion") filed by Defendant Juwan Chino Dillard ("Dillard"). Dillard asks this Court "for permission to withdraw [his] prior approval of the … Statement of Facts submitted at the time of his Plea and substitute, in its stead, the identical language contained in the Statement of Facts of" one of his co-defendants. (*Id.* at PAGEID # 309.) Thus, Dillard seeks to modify or amend his plea agreement. (*Id.*) On December 11, 2019, the Government filed a response in opposition to the Motion. (Doc. 76.) On December 23, 2019, Dillard filed, under seal, a memorandum objecting to the Government's response. (Doc. 78.)

A court cannot modify or amend a plea agreement once the court has accepted it. *United States v. Fleming*, 239 F.3d 761, 764-65 (6th Cir. 2001) ("[O]nce a court accepts a plea agreement, it is bound by the bargain"; "[n]othing in the rules even remotely allows the district court to accept

1

a guilty plea but rewrite the plea agreement, even if the modified agreement is more favorable to the defendant," and "[a]n attempt to rewrite the plea agreement from the bench would fall squarely into the category of prohibited participation") (internal quotation marks omitted); *see also* FED. R. CRIM. PRO. 11(c); *United States v. Decker*, No. 96-CR-80076, 2012 U.S. Dist. LEXIS 182550, at *1-2 (E.D. Mich. Dec. 28, 2012) (denying motion to amend plea agreement because "[t]he Court may accept or reject a plea agreement, but it cannot modify it"); *United States v. Scanlon*, 666 F.3d 796, 798 (D.C. Cir. 2012) (denying motion to amend or modify plea agreement, and holding that "[m]odification of the [plea] agreement by the court is not an option" and "changing of the [plea] agreement by the court after acceptance of the plea is also not allowed"). Dillard cites no authority for a court to amend or modify a plea agreement at the unilateral request of one of the parties. (*See* Docs. 75 and 78.) The Court **DENIES** Dillard's Motion (Doc. 75).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 2, 2020.

                                                                     s/Thomas M. Rose

                                                                      THOMAS M. ROSE
                                                     UNITED STATES DISTRICT JUDGE