UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America

        Plaintiff                                            Case No. 3:18 CR 187

        v                                                   Judge Thomas M. Rose

Juwan Chino Dillard

        Defendant

---

ENTRY AND ORDER DENYING DEFENDANT'S MOTIONS FOR BOND MODIFICATION AND/OR COMPASSIONATE RELEASE (Doc. 94) AND AMENDED AND SUPPLEMENTAL MOTION FOR EMERGENCY COMPASSIONATE RELEASE AND RECONSIDERATION OF BOND; REQUEST FOR EMERGENCY HEARING (Doc. 96)

---

      This matter comes before the Court pursuant to Defendant's Motion for Reconsideration of Bond and/or Compassionate Release (Doc. 94) and Amended and Supplemental Motion for Emergency Compassionate Release and Reconsideration of Bond (Doc. 96), pursuant 18 U.S.C. §3145(b), filed April 15, 2020 and April 20, 2020, and the Government's Response (Doc. 25), filed April 22, 2020. The Court conducted a hearing on the record on these motions on June 4, 2020.

      Defendant was initially charged on December 13, 2019, by an Indictment with Conspiring to Distribute 40 grams or more of a detectable amount of fentanyl in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(vi) all in violation of 21 U.S.C. §846 (Doc. 11). Although there was a Superseding Indictment, on May 14, 2019, increasing the alleged amount of the fentanyl, prior to arraignment on that Superseding Indictment the Defendant opted to pled guilty to the original Indictment on July 19, 2019, pursuant to a plea agreement. Since then on March 18, 2020 Defendant has filed a motion to withdraw his plea.

      Defendant now moves for bond modification and compassionate release from pretrial detention to home incarceration. The main basis for said motions is that Defendant is allegedly in extremely poor health with a lifetime of asthma attacks and that " the pandemic and disease's

primary attack on the lungs, causing death, primarily to African-American individuals with a prior existing condition such as asthma, an acute respiratory disease, it is extremely dangerous and life threatening for this Defendant to continue to be incarcerated in a prison with hundreds of other male prisoner who may or be silent carriers in a virus 'time bomb' and human rights disaster in the making…"

As background, on November 20, 2018 a Complaint (Doc. 1) was filed against Defendant and on that same day, based upon a finding of probable cause, Magistrate Judge Sharon Ovington issued an arrest warrant for Defendant.  Defendant was arrested and had an initial appearance before Magistrate Judge Ovington on November 29, 2018, at which time he was detained. The Government filed a motion for pretrial detention which was heard by District Judge Walter Rice on December 4, 2018. The District Judge found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the appearance of the Defendant and/or provide for the safety of the community.  Defendant's detention was continued without bond. On December 13, 2019, a grand jury returned the initial Indictment (Doc. 15) against Defendant. The Superseding Indictment was filed on May 14, 2019.

In considering the Defendant's motions,  the Court  must in the first instance make an individual assessment of the factors identified by the Bail Reform Act, 18 U.S.C. §3142: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.  Based upon those factors that were previously considered in the detention hearing and now again for these motions, the Court finds that there are no conditions or combination of conditions of release that would reasonably assure the appearance of the Defendant and the safety of the community. The Court finds that based upon the seriousness of the charges and Defendant's significant criminal history he would not now comply with conditions of pretrial supervision.

As to the Defendant's argument regarding the COVID-19 pandemic, it can certainly constitute new information having material bearing on whether there are conditions of release that will reasonably assure the safety of the community and the appearance of the detained defendants. The Bail Reform Act explicitly directs courts to consider, among other things, a

defendant's medical condition. Of course, this is particularly relevant information in the current landscape of a global pandemic.

Defendant has presented evidence that he has a lifetime history of asthma, shortness of breath, respiratory insufficiency and lung failure causing a loss of breath. However, the Court would find based upon the record and attestations before the Court that the Defendant is not at an increased risk of being infected with the virus because he is confined in the Shelby County Jail. The Court has been apprised that there have been no positive tests in that facility. Said facility also has procedures in place to prevent contracting or spreading of the virus. These procedures include suspension of most visits and the screening of those visitors that are permitted; the screening of all new detainees and inmates; the quarantining of any prisoners that may show COVID-19 symptoms; cleaning measures and steps to educate detainees about measures that can be taken to avoid contracting or spreading the virus. Whereas Defendant's documented respiratory condition could pose a heightened threat to Defendant if the facility had multiple confirmed COVID-19 cases, the Shelby County Jail appears to have taken and continues to take reasonable steps necessary to combat the spread of the virus. Additionally, the U.S. Marshal's office contacts the facility daily and as of the date of this order there have been no confirmed cases of the virus. Therefore, this COVID-19 factor alone does not outweigh the other factors considered by the Court. Again, based upon the seriousness of the Defendant's charged crimes and the other factors of the Bail Reform Act, the Court finds there to be no condition or combination of conditions that would assure the appearance of the Defendant and the safety of the community. The Defendant's Motions (Docs. 94 and 96) are not well founded and therefore, DENIED.

IT IS SO ORDERED.

Date: June 9, 2020  *s/Thomas M. Rose
_____
Judge Thomas M. Rose
United States District Court