# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,           :         Case No. 3:18-cr-187
                                              Also Case No. 3:22-cv-247

                                                District Judge Thomas M. Rose
    -  vs  -                         Magistrate Judge Michael R. Merz

JUWAN CHINO DILLARD,

                Defendant.        :

---

## ORDER REGARDING PROCEDURAL DEFAULT DEFENSE

---

This § 2255 proceeding is before the Court on Defendant's response (ECF No. 142) to the Magistrate Judge's Order for Additional Briefing (ECF No. 41) which ordered Defendant to show cause why his claim that the Government breached the Plea Agreement is not procedurally defaulted by his failure to raise the claim on direct appeal. *Id.* at PageID 851.

Defendant first observes that the procedural default defense is not jurisdictional and therefore can be waived by the United States. *Id.* at PageID 853-54, citing *Pierce v. United States*, 976 F.2d 369, 370 n. 1 (7th Cir. 1992), and *Trest v. Cain*, 522 U.S. 87, 89 (1997). Defendant implicitly criticizes the Magistrate Judge for raising the issue *sua sponte*, claiming "[w]hen the government fails to plead procedural default as an affirmative defense, courts have generally declined to come to the rescue." *Id.*.

With respect, the question of raising the defense *sua sponte* is more complex.  In *Day v.*

*McDonough*, 547 U.S. 198 (2006): the Supreme Court held:

> While the issue remains open in this Court, see *Trest v. Cain,* 522
> U.S. 87, 90, 118 S. Ct. 478, 139 L. Ed. 2d 444 (1997), n5 the Courts
> of Appeals have unanimously held that, in appropriate
> circumstances, courts, on their own initiative, may raise a
> petitioner's procedural default, i.e., a petitioner's failure properly to
> present an alleged constitutional error in state court, and the
> consequent adequacy and independence of state-law grounds for the
> state-court judgment. See *Brewer v. Marshall*, 119 F.3d 993, 999
> (CA1 1997); *Rosario v. United States*, 164 F.3d 729, 732 (CA2
> 1998);  *Sweger v. Chesney*, 294 F.3d 506, 520 (CA3 2002); *Yeatts
> v. Angelone*, 166 F.3d 255, 261 (CA4 1999); *Magouirk v. Phillips,*
> 144 F.3d 348, 358 (CA5 1998); *Sowell v. Bradshaw,* 372 F.3d 821,
> 830 (CA6 2004); *Kurzawa v. Jordan,* 146 F.3d 435, 440 (CA7
> 1998); *King v. Kemna*, 266 F.3d 816, 822 (CA8 2001) (en banc);
> *Vang v. Nevada*, 329 F.3d 1069, 1073 (CA9 2003); *United States v.
> Wiseman*, 297 F.3d 975, 979 (CA10 2002); *Moon v. Head*, 285 F.3d
> 1301, 1315, n. 17 (CA11 2002).

547 U.S. at 206-207.

The Sixth Circuit has held as well that it is not inappropriate for the Court to raise a

procedural default defense *sua sponte*.  *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004);

*Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d

517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255

case).  Procedural default may be waived by failing to assert it.  *Getsy v. Mitchell,* 495 F.3d 295,

317 (6th Cir. 2007)(en banc), *citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v.

Netherland*, 518 U.S. 152, 166 (1996).  Indeed, in *Strong v. Nagy*, 962 F. 3d 192 (6th Cir.

2020)(Moore, Clay & Murphy), the circuit court itself raised the procedural default issue *sua

sponte*: "Although the district court elected to skip to the merits of Strong's claims, we resolve his

appeal on the basis of procedural default. See *Sheffield v. Burt,* 731 F. App'x 438, 441 (6th Cir.

2018) ("[W]here a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue.").

Defendant also asserts that he did in fact raise the breach of plea agreement on appeal, citing his brief on appeal as (CA6 Appellant's Brief, Doc. 19, page 26).  That document is not part of the record before this Court.  He also cites a purported finding of the Sixth Circuit that "because his [breach of plea agreement] claim rests on and is intertwined with his allegation of ineffective assistance of counsel, it too should be raised in a § 2255 motion." (ECF No. 142, PageID 854, citing (CA6 Order, Doc. 32-2, page 6)).  That document with that label or record reference is also not part of the record before this Court.  However, our record does include the final decision of the Sixth Circuit which reads in part:

> Finally, Dillard challenges the district court's denial of his motion to withdraw his guilty plea, arguing that his plea was not entered voluntarily, knowingly, and intelligently. But because his claim rests on and is intertwined with his allegations of ineffective assistance of counsel, it too should be raised in a § 2255 motion. Indeed, Dillard argues that there was no meeting of the minds "[d]ue in large part to [counsel's] ineffective assistance" and that "[b]ut for his attorney's ineffective assistance," he would have known that he faced a greater sentence than the "worst case scenario" counsel had predicted. For the reasons stated above, such claims are more appropriately raised in a § 2255 proceeding. See *United States v. Mullikin*, 460 F. App'x 526, 529 (6th Cir. 2012).

(Opinion, ECF No. 124, PageID 772).

That claim – that the guilty plea was not knowing, intelligent and voluntary – was indeed made on appeal and can be argued in this Court because the Sixth Circuit said so.  Essentially it amounts to the claim that there was never a meeting of the minds on the Plea Agreement and the guilty plea made pursuant to that Agreement should be set aside.

3

Conversely, the Magistrate Judge read the Motion to Vacate as making a different claim, to wit, that there was a binding Plea Agreement but that the Government had breached it and it should therefore be set aside.  That claim was fully available on appeal but not made in the appellate court.  If that is the claim Defendant intends to pursue, he will have to overcome the procedural default defense.

February 21, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge