UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA,**  : Case No.: 3:18CR187(1)TMR-MRM
                                :
        **Plaintiff,**          :
                                :
          **vs.**               :
                                :
   **JUWAN CHINO DILLARD,**      :
                                :
       **Defendant.**          :


**ORDER**

The Court now has pending before it the section 2255 motion of defendant-petitioner Juwan Chino Dillard to vacate his sentence on Count One of an Indictment charging him with conspiring to possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (hereinafter "Count One"). *See* R. 126, motion to vacate. Mr. Dillard alleges, among other things, that his previous attorney provided ineffective assistance of counsel when advising about the application of the United States Sentencing Guidelines to his case. *See id.*

Through a proposed stipulation and settlement agreement, the United States and Mr. Dillard (via his new counsel) ask this Court to grant in part this section 2255 motion and, as a remedy, resentence the defendant to 120 months of imprisonment on Count One. *See* R. 155, notice of revised settlement

agreement. Mr. Dillard also has filed a motion seeking to waive his appearance at any proceedings on his section 2255 motion, including any resentencing. *See* R. 156, motion to resentence in abstentia; R. 157, waiver of right to appear in person.

On November 1, 2023, counsel for both parties appeared before this Court for a proceeding on Mr. Dillard's section 2255 motion. During that matter and consistent with his earlier motion, Mr. Dillard, through counsel, affirmatively moved to waive and to relinquish any right that he may have to appear during any proceedings on this matter, including his right to allocute at any resentencing. The United States agreed with this request. The parties also urged the Court to adopt their proposed settlement agreement, to grant in part the section 2255 motion, and to resentence Mr. Dillard to 120-months of imprisonment based on the contents of the original Presentence Investigation Report (PSR) and their arguments at the hearing.

Having considered the section 2255 motion, the parties' proposed settlement agreement, their arguments at the November 1, 2023, proceeding in this matter, and the original PSR, the Court concludes as follows:

1.     The Court GRANTS IN PART Mr. Dillard's section 2255 motion, accepting the parties' stipulation that his prior counsel provided ineffective assistance of counsel when advising about the application of the United States Sentencing Guidelines

to this case.  The Court DENIES any remaining portions of the section 2255 motion.

2.    Pursuant to 28 U.S.C. § 2255(b) and the stipulation of the parties, the Court ORDERS that the original judgment in this matter to be vacated, *see* R. 623, judgment at 623, and that Mr. Dillard be resentenced on Count One of the Indictment.

3.    Based on Mr. Dillard's motion to waive appearance at these proceedings (including any resentencing), his signed waiver confirming the same, as well as his counsel's affirmative representation during the hearing of November 1, 2023, that his client waived and relinquished any right that he may have to appear during any proceedings on this matter, including his right to allocute at any resentencing, the Court GRANTS Mr. Dillard's motion to waive appearance and will proceed immediately to imposition of an Amended Judgment reflecting the parties proposed sentencing stipulation.

4.    The Court hereby ORDERS entry of an Amended Judgment sentencing Mr. Dillard to a 120-month term of imprisonment to be followed by 5 years of supervised release on the same standard conditions and special conditions of supervision entered in the original judgment.  While adopting the proposed sentencing stipulation of the parties, the Court has conducted a plenary sentencing review in doing so.  Without

objection from the parties, it has adopted and considered the advisory Sentencing Guidelines contained in the original PSR in this matter.  In crafting this sentence, the Court also has considered the section 3553(a) factors as well as the sentencing arguments of the parties at the proceeding on November 1, 2023. Given the parties stipulation to the sentence and their submission of a proposed order in this matter, the Court further FINDS that neither the United States nor Mr. Dillard have any procedural or substantive objections to this Court's amended sentence.

 IT IS SO ORDERED.

11/22/23
_____
DATE

_____
HONORABLE THOMAS M. ROSE
UNITED STATES DISTRICT COURT JUDGE


Submitted by:

11/20/23
_____
DATE

*Brent G. Tabacchi*
_____
BRENT G. TABACCHI (6276029 - IL)
Assistant United States Attorney

11/20/23
_____
DATE

*Keith A. Yeazel*
_____
KEITH A. YEAZEL (0041274)
Attorney for Juwan Chino Dillard

4

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing Settlement Agreement was served this 20th day of November 2023 via the Court's ECF System.

                              /s/ Brent G. Tabacchi
                              Brent G. Tabacchi